UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MARIO R. MARIN,

      Plaintiff, (s)

v.

GREAT WASTE AND RECYCLING
SERVICES LLC

      Defendant,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MARIO R. MARIN by and through the undersigned counsel, on behalf of himself and other similarly situated individuals, hereby sues Defendant GREAT WASTE AND RECYCLING SERVICES LLC, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) (the FLSA or "the Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216 (b).

3. At all times material hereto Plaintiff MARIO R. MARIN was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

4. Defendant GREAT WASTE AND RECYCLING SERVICES LLC (hereinafter GREAT WASTE SERVICES or Defendant) is a Florida corporation, having its main place of

business in Dade County, Florida, within the jurisdiction of this Honorable Court, where Plaintiff worked for Defendant, and at all times material hereto Defendant was and is engaged in interstate commerce.

5. All the actions raised in this complaint took place within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

7. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff performing non-exempted duties as waste disposal drivers, in furtherance of the business of Defendant, and who worked in excess of forty hours (40) during one or more weeks within the material time, without being paid for every overtime hours at the rate of time and a half his regular rate ("the overtime rate"), pursuant the FLSA.

8. The asserted class for this collective action also includes all current and former employees similarly situated to Plaintiff performing non-exempted duties as waste disposal drivers, in furtherance of the business of Defendant, and who suffered the automatic deduction of 30-minutes meal period from their daily working hours, even though they regularly worked through their respective meal-period breaks. These unlawfully deducted meal periods constitute additional unpaid overtime hours.

9. The effect of GREAT WASTE SERVICES' practices was (and is) that all time worked by Plaintiff and the asserted class was not counted and paid. Therefore, GREAT WASTE SERVICES failed to credit and properly compensate Plaintiff and the asserted class for all the overtime hours worked pursuant to the requirements of the FLSA, during one or more weeks within the "material time".

10. The material time for the claims, in this case, is the three-years period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by the equity or by law.

11. Defendant GREAT WASTE SERVICES is a Florida Corporation that owns and operates a sanitation or trash collection and recycling business in Broward and Dade County. To provide these services, GREAT WASTE SERVICES employed (and continued employing) numerous waste disposal drivers, including Plaintiff and other similarly situated individuals of the asserted class. While exact job titles may differ GREAT WASTE SERVICES' drivers were subjected to the same or similar practices for similar work.

12. Defendant GREAT WASTE SERVICES has a place of business at 3051 NW 129th Street, Opa Locka, FL 33054, where Plaintiff and other members of the asserted class worked.

13. At all times pertinent to this Complaint, Defendant GREAT WASTE SERVICES was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)). The annual gross volume of the corporation was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

14. Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and performed activities in furtherance of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

15. Defendant GREAT WASTE SERVICES employed Plaintiff MARIO R. MARIN from on or about November 01, 2017, through August 15, 2019, or 93 weeks.

16. The Plaintiff was hired as a waste disposal driver, performing the same or similar duties as that of those other similarly situated employees. Plaintiff and the asserted class members' primary job duties consisted of driving waste disposal trucks, hauling waste, recycling and taking this material to various landfill or disposal sites throughout Dade County.

17. The Plaintiff was paid a daily rate, his last wage-rate was $170.00 daily.  The Plaintiff had a regular schedule. Most of the time, Plaintiff worked 6 days per week. Plaintiff clocked in and began his shift at 2:00 AM; when he picked up the trash collector truck from the Opa Locka Yard, and he went to work to complete his route; Plaintiff returned to the Opa Locka yard around 4:00 PM and clocked out.  This means that Plaintiff was working an average of 14 hours daily, or 83 hours weekly.

18. The Plaintiff and other similarly situated individuals were unable to take bonafide lunch breaks, they would eat something while working.

19. The Plaintiff and other similarly situated individuals were paid weekly. However, every week Plaintiff noticed something wrong with his working hours. Even though, Plaintiff had a regular schedule and he clocked-in and out, the hours worked shown in the paystub did not match his hours worked. The Plaintiff knew that he was being paid for some overtime but not for all his overtime hours.

20. The Plaintiff was never in agreement with the total number of hours worked shown in the paystub and he complained to his supervisor and requested an explanation multiple times. The supervisor was unable to explain anything, and every time he reminded Plaintiff the Defendant deducted 3 hours of lunchtime per week.

21. The Plaintiff clocked in and out every day, but his paystubs did not reflect the correct number of hours worked. Plaintiff did not have access to check his hours, and he was unable to verify his hours worked,

22. The Plaintiff sustains that he was not credited for all his overtime hours and that he has a substantial number of overtime hours that never were paid to him. In addition, the Plaintiff always suffered the unfair automatic deduction of lunch hours that he did not take.

23. Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

24. Therefore, Defendant willfully failed to pay Plaintiff minimum wages for every regular hour that he worked, in violation in violation of Section 206 (29 U.S.C. 206 (a)) and it failed to pay Plaintiff overtime, in violation of Section 7 (a) (29 U.S.C. 207(a)(1))of the Fair Labor Standards Act of 1938.

25. Approximately on June 15, 2019, after many complaints Plaintiff was assigned a new, different route that required fewer working hours.  During his last 8 weeks of employment, Plaintiff worked fewer overtime hours

26. On or about August 15, 2019, the Plaintiff was fired by the Defendant after he had a minor traffic accident while driving the waste disposal truck.

27. The Plaintiff alleges that he suffered a retaliatory employment action due to his multiple complaints about missing overtime hours. First, he was changed to a shorter route, with less paid working hours, and finally he was fired using the accident as a pretext.

28. The Plaintiff seeks to recover every unpaid overtime hour owed to him, unlawfully deducted lunch hours, which constitute more unpaid overtime hours, retaliatory damages, as well as any other relief as allowable by law.

29. In the course of his employment with Defendant Plaintiff and other similarly situated individuals in the asserted class, regularly worked overtime hours (hours in excess of forty (40) and they were not paid for all their overtime hours worked, at the rate of time and one-half of their regular rate of pay (the overtime rate) for all of the overtime worked, based in part upon Defendant's custom and practice of failing to credit and pay for all the overtime hours, and the practice of deducting meal-period hours automatically, regardless the fact that GREAT WASTE SERVICES knew that Plaintiff and other similarly situated individuals in the asserted class, did not take lunch breaks.

30. Upon information and belief, GREAT WASTE SERVICES applied the same compensation and employment policies, practices, and procedures to all GREAT WASTE SERVICES' waste disposal drivers.

31. The records, if any, concerning the number of hours worked by Plaintiff MARIO R. MARIN, and all others similarly situated drivers, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. The Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. The Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

33. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. § § 201-209. In that Plaintiff and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other employees in the asserted class, the compensation to which they were lawfully entitled to all the regular and overtime hours worked within a workweek.

34. The Plaintiff is not in possession of time and payment records and he is unable to provide an estimate of unpaid overtime hours.  After Defendant provides those records, Plaintiff will submit a good faith estimate about the unpaid wages.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him individually, and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action.  Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

36. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

37. Plaintiff MARIO R. MARIN re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. **A.- Individual Allegations**

The Defendant has engaged in a widespread pattern and practice of violating the Fair Labor Standards Act, as described in this Collective Action Complaint.

39. At all times pertinent to this Complaint, Defendant GREAT WASTE SERVICES was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)), and the annual gross volume of the corporate was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

40. At all relevant times, Plaintiff and the FLSA asserted class were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C §§ 206(a) and 207(a).

41. At all relevant times, the overtime provisions set forth in 29 U.S.C. § 201 *et seq.* of the FLSA apply to Defendant.

42. At all relevant times, Defendant has been an employer of engaged in interstate commerce/and or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

43. At all relevant times, Defendant employed Plaintiff and the FLSA asserted class.

44. At all relevant times, Plaintiff and the FLSA asserted class were employees within the meaning of 29 U.S.C. §§ 203(e) and 207 (a).

45. The Defendant has failed to pay Plaintiff and the FLSA asserted class the overtime wages to which they are entitled under the FLSA.

46. The Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

47. The Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA asserted class.

48. Because the Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. As a result of the Defendant's willful violations of the FLSA, the Plaintiff and the FLSA asserted class have suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201 *et seq.*

50. As a result of the unlawful acts of Defendant, Plaintiff and the FLSA asserted class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, and other relief as allowable by law.

51. **B.- Collective allegations of all waste disposal drivers who worked for GREAT WASTE SERVICES at any time from November 2017, through the final disposition of this collective matter.**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Pursuant to 29 U.S.C. § 216(b), this is an FLSA collective action filed on behalf of all of GREAT WASTE SERVICES' current and/or former employees who are (or were) similarly situated to Plaintiff with regard to the work they have performed and the manner in which they have been deprived the proper amount of overtime compensation.

54. Other similarly situated employees of GREAT WASTE SERVICES have been victimized by GREAT WASTE SERVICES' patterns, practices, and policies that are in willful violation of the FLSA.

55. The FLSA Collective Members are defined in Paragraphs 7 and 8 of this Complaint.

56. GREAT WASTE SERVICES' failure to pay its waste disposal drivers, including Plaintiff and the members of the asserted class for all hours worked and overtime at the proper rate results from generally applicable policies and practices of GREAT WASTE SERVICES and does not depend on the personal circumstances of the Plaintiff and FLSA Collective Members.

57. GREAT WASTE SERVICES' unlawful practice of automatic deductions of 30 minutes of lunchtime to Plaintiff and all the members of the asserted class, resulted in 2.5 or 3 additional unpaid overtime hours weekly. This practice constituted the general applicable policy and practice of GREAT WASTE SERVICES and does not depend on the personal circumstances of the Plaintiff or the members of the FLSA collective action.

58. Consequently, the Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

59. The specific job titles or precise job requirements of the various FLSA Collective members does not prevent collective treatment.

60. All the FLSA collective members, regardless of their specific job titles, precise job requirements, rates of pay, routes, or job locations, are entitled to be properly compensated under the FLSA for all hours worked in excess of forty (40) hours per workweek.

61. Although the issues of damages may be individual in character, there is a common nucleus of liability facts.

62. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and GREAT WASTE SERVICES will retain the proceeds of its violations.

63. Furthermore, individual litigation would be unduly burdensome to the judicial system. Collective action in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA collective action

64. Plaintiff has retained the law offices of the undersigned attorney to represent him individually, and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action.  Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIO R. MARIN, individually and on behalf of all other similarly situated persons, respectfully request that this Honorable Court grant the following relief:

A. An order, at the earliest possible time, allowing an all similarly situated employees who are presently, or have at any time from November 2017, up through and including the date of this Court's issuance of Court-Supervised Notice worked at GREAT WASTE SERVICES (or that the Court issue such notice).  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Enter judgment for Plaintiff MARIO R. MARIN and other similarly situated and against the Defendant GREAT WASTE SERVICES based on the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

C. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation

for hours worked in excess of forty weekly;

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Award Plaintiff an equal amount in double damages/liquidated damages, the employer's share of FICA and FUTA, and any other required employment taxes to be paid by Defendant according to proof;

F. Award Plaintiff reasonable attorneys' fees and costs of suit; and

G. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MARIO R. MARIN and those similarly situated demand trial by jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATORY DISCHARGE; AS PER PLAINTIFF MARIO R. MARIN</u>**

65. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-36 of this complaint as if set out in full herein.

66. This action arises under the laws of the United States.

67. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

68. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

69. The Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Defendant GREAT WASTE SERVICES provides waste recollection services and is involved in the solid waste industry. The Defendant through its business activities affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. The Plaintiff worked as a waste recollection driver, while employed by the Defendants.

70. Defendant GREAT WASTE SERVICES employed Plaintiff MARIO R. MARIN from on or about November 01, 2017, through August 15, 2019, or 93 weeks.

71. The Plaintiff was hired as waste disposal driver, performing the same or similar duties as that of those other similarly situated employees.

72. The Plaintiff was paid a daily rate, his last wage-rate was $170.00 daily. The Plaintiff had a regular schedule. Most of the time, Plaintiff worked 6 days per week. Plaintiff clocked in and began his shift at 2:00 AM; when he picked up the trash collector truck from the Opa Locka Yard, and he went to work to complete his route; Plaintiff returned to the Opa Locka yard around 4:00 PM and clocked out. This means that Plaintiff was working an average of 14 hours daily, or 83 hours weekly.

73. The Plaintiff and other similarly situated individuals were unable to take bonafide lunch breaks, they would eat something while working.

74. The Plaintiff was paid weekly. Even though, Plaintiff had a regular schedule and he clocked-in and out, the hours worked shown in the paystub did not match his hours worked. The Plaintiff knew that he was being paid for some overtime but not for all his overtime hours. Every week Defendant failed to pay Plaintiff for a substantial number of overtime hours.

75. In addition, Defendant automatically deducted from Plaintiff's working hours, lunch periods, resulting in 3 hours weekly of lunchtime, that the Plaintiff was unable to take.

76. The Plaintiff clocked in and out every day, but his paystubs did not reflect the correct number of hours worked. The Plaintiff did not have access to check his hours, and he was unable to verify his hours worked, but Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

77. Therefore, Defendant willfully failed to pay Plaintiff minimum wages for every regular hour that he worked, in violation in violation of Section 206 (29 U.S.C. 206 (a)) and it failed to pay Plaintiff overtime, in violation of Section 7 (a) (29 U.S.C. 207(a)(1))of the Fair Labor Standards Act of 1938.

78. The Plaintiff was never in agreement with the total number of hours worked shown in the paystub and he complained to his supervisor and requested an explanation multiple times. The supervisor was unable to explain anything, and every time he reminded Plaintiff the Defendant deducted 3 hours of lunch-time weekly.

79. These complaints about missing hours and overtime pay at the proper rate constituted protected activity under the Fair Labor Standards Act.

80. As a result of these complaints, approximately on June 15, 2019, Plaintiff's working hours were drastically reduced.  The Plaintiff was assigned a new, shorter route that required fewer working hours. The new route resulted economical detrimental for Plaintiff. Approximately during his last 8 weeks of employment, Plaintiff worked fewer overtime hours.

81. On or about August 15, 2019, Plaintiff had a minor traffic accident while driving the waste disposal truck, the Plaintiff explained that it was not his fault, but the Defendant fired him after this incident.

82. The Plaintiff alleges that he suffered a retaliatory employment action due to his multiple complaints about missing overtime hours.  First, he was changed to a shorter route, with less paid working hours, and finally he was fired using the accident as a pretext.

83. At all times during his employment, the Plaintiff performed his work satisfactorily, there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

84. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

85. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIO R. MARIN respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant GREAT WASTE SERVICES that Plaintiff MARIO R. MARIN recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. Order the Defendants GREAT WASTE SERVICES and to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D.  Plaintiff MARIO R. MARIN further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff MARIO R. MARIN demands trial by a jury of all issues triable as of right by jury.

DATED: February 1, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff and the asserted class*